UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DELMARIST ANDERSON,

                        Plaintiff,

                                                    Case # 15-CV-986-FPG

v.

                                                    DECISION AND ORDER

NANCY A. BERRYHILL,[1] ACTING COMMISSIONER
OF SOCIAL SECURITY,

                        Defendant.

     Delmarist Anderson ("Anderson" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. This Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

     Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF Nos. 8, 9. For the reasons that follow, this Court finds that the Commissioner's decision is not in accordance with the applicable legal standards. Accordingly, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

     On September 21, 2012, Anderson protectively applied for SSI with the Social Security Administration ("the SSA"). Tr.[2] 132-46. She alleged that she had been disabled since February 1, 2011, due to stomach problems and ulcers, bilateral carpal tunnel syndrome, anxiety, and

---

[1]     Nancy A. Berryhill is now the Acting Commissioner of Social Security and is therefore substituted for Carolyn W. Colvin as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).
[2]     References to "Tr." are to the administrative record in this matter.

depression. Tr. 166. After her applications were denied at the initial administrative level, a hearing was held before Administrative Law Judge Donald T. McDougall ("the ALJ") on February 11, 2014, in which the ALJ considered Anderson's application *de novo*. Tr. 29-61. Anderson appeared at the hearing with her attorney and testified. *Id.* Josiah L. Pearson, a vocational expert ("VE"), also appeared at the hearing and testified. Tr. 56-60. On April 15, 2014, the ALJ issued a decision finding that Anderson was not disabled within the meaning of the Act. Tr. 14-24. On September 17, 2015, that decision became the Commissioner's final decision when the Appeals Council denied Anderson's request for review. Tr. 1-6. Thereafter, Anderson filed this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted). It is not this Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

**II.     Disability Determination**

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must

present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I.     The ALJ's Decision

The ALJ's decision analyzed Anderson's claim for benefits under the process described above. At step one, the ALJ found that Anderson had not engaged in substantial gainful activity since the application date. Tr. 17. At step two, the ALJ found that Anderson has the following severe impairments: bilateral carpal tunnel syndrome, stomach problems and ulcers, anxiety, and depression. *Id.* At step three, the ALJ found that such impairments, alone or in combination, did not meet or medically equal an impairment in the Listings. Tr. 17-19.

Next, the ALJ determined that Anderson retained the RFC to perform light work[3] with additional limitations. Tr. 19-22. Specifically, the ALJ found that Anderson cannot have contact with the general public and can have only occasional contact with coworkers and peers; cannot work under extreme environmental conditions such as fumes, dust, gases, or other respiratory irritants; cannot do fast-paced or assembly line work; and can occasionally make workplace decisions, use judgment, and deal with changes in the work setting. Tr. 19.

At step four, the ALJ indicated that Anderson did not have any past relevant work. Tr. 22. At step five, the ALJ relied on the VE's testimony and found that Anderson can adjust to

---

[3]     "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 416.967(b).

4

other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 23. Specifically, the VE testified that Anderson could work as a housekeeping cleaner, router, and mail clerk. *Id.* Accordingly, the ALJ concluded that Anderson was not "disabled" under the Act. Tr. 24.

**II.     Analysis**

Anderson argues that remand is required because the ALJ violated the treating physician rule.[4] ECF No. 8-1, at 12-15; ECF No. 10, at 1-4. Specifically, Anderson asserts that the ALJ failed to provide the requisite "good reasons" for discounting the opinion of her treating physician Tinh Dao, M.D. ("Dr. Dao"). *Id.* The Commissioner maintains that the ALJ properly evaluated Dr. Dao's opinion. ECF No. 9-1, at 11-18.

The "treating physician rule" is "a series of regulations set forth by the Commissioner . . . detailing the weight to be accorded a treating physician's opinion." *De Roman v. Barnhart*, No. 03 Civ. 0075 (RCC) (AJP), 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003) (citing 20 C.F.R. § 404.1527); *see also* 20 C.F.R. § 416.927(c)(2). Under the treating physician rule, the ALJ must give controlling weight to a treating physician's opinion when that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 416.927(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). While an ALJ may discount a treating physician's opinion if it does not meet this standard, the ALJ must "comprehensively set forth [his or her] reasons for the weight assigned to a treating physician's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); 20 C.F.R. § 416.927(c)(2) ("We will always give good

---

[4]   Anderson advances other arguments that she believes require reversal of the Commissioner's decision. ECF No. 8-1, at 15-19; ECF No. 10, at 4-8. However, because this Court disposes of this matter based on the ALJ's violation of the treating physician rule, that argument need not be reached.

reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion.").

Even when a treating physician's opinion is not given "controlling" weight, the ALJ must still consider several factors in determining how much weight it should receive. The ALJ must consider "the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; the relevant evidence, particularly medical signs and laboratory findings, supporting the opinion; the consistency of the opinion with the record as a whole; and whether the physician is a specialist in the area covering the particular medical issues." *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (quotation marks, alterations, and citations omitted); 20 C.F.R. §§ 416.927(c)(1)-(6).

On May 21, 2012, Dr. Dao, who treated Anderson for over 11 years, completed a form that assessed Anderson's medical conditions and opined as to her related functional limitations. Tr. 218-19. Dr. Dao opined that Anderson was "moderately limited" in walking, seeing, hearing, speaking, climbing, carrying out instructions, and maintaining basic standards of personal hygiene and grooming. Tr. 219. He also opined that Anderson was "very limited" in lifting, carrying, pushing, pulling, bending, using her hands, understanding and remembering instructions, maintaining attention and concentration, making simple decisions, interacting appropriately with others, maintaining socially appropriate behavior without exhibiting behavior extremes, and functioning in a work setting at a consistent pace. *Id.*

On that same form, Dr. Dao stated that Anderson "cannot work due to her anxiety, depression, and medical concerns." *Id.* He also noted that Anderson "has extreme depression and anxiety and is limited in working with others" and that she "has carpal tunnel and stomach ulcers and is limited in working." *Id.* Dr. Dao opined that Anderson's restrictions would last for

6

more than 12 months and that her "severe anxiety and depression limits her from day to day functioning." *Id.*

The ALJ's decision summarized Dr. Dao's opinion and afforded it "less weight." Tr. 20. The ALJ noted that Dr. Dao "failed to comment on any limitations as it relates to standing or sitting," and he concluded that although Dr. Dao treated Anderson, "the form was not filled out completely and he did not ultimately opine whether [she] could work despite her limitations." *Id.* The ALJ provided no other reasons for discounting Dr. Dao's opinion and it does not seem that he considered any of the relevant factors set forth in the SSA's regulations. *See* 20 C.F.R. §§ 416.927(c)(1)-(6).

Confusingly, the ALJ's decision specifically notes that Dr. Dao opined that Anderson "could not work due to her anxiety, depression, and medical concerns," that "[s]he has extreme depression and anxiety and is limited in working," and that "[h]er carpal tunnel and stomach ulcers also limit her ability to work," but then the ALJ concluded that Dr. Dao's opinion was entitled to less weight then the other medical opinions of record because Dr. Dao "did not ultimately opine whether [Anderson] could work despite her limitations." Tr. 20. Dr. Dao very clearly opined that Anderson could not work due to her physical and mental limitations. Tr. 218-19. Nonetheless, the Commissioner is responsible for determining whether a claimant meets the statutory definition of disability and a medical source's statement that a claimant is "disabled" or "unable to work" does not mean that the Commissioner will find that claimant disabled. *Brown v. Colvin*, No. 15-CV-794-FPG, 2016 WL 6648850, at *6 (W.D.N.Y. Nov. 10, 2016); 20 C.F.R. § 416.927(d)(1); *Barg v. Astrue*, No. 1:08-CV-1173 NAM/VEB, 2012 WL 11406531, at *11 (N.D.N.Y. Mar. 21, 2012) ("[T]he fact that the treating physician did not affirmatively state that

7

Plaintiff was 'disabled' is a fact of limited relevance because, as is well-established, the disability determination is a matter reserved to the Commissioner.").

Although the Commissioner provides several reasons why she thinks Dr. Dao's opinion was inconsistent with other evidence in the record, was unsupported by objective medical evidence, and improperly used vague terms like "moderately limited" and "very limited," the ALJ's decision did not give any of these reasons for affording less weight to Dr. Dao's opinion. The Commissioner may not substitute her own rationale when the ALJ failed to provide one. *See Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) ("A reviewing court may not accept appellate counsel's *post hoc* rationalizations for agency action.") (quotation marks and citation omitted); *Goble v. Colvin*, No. 15-CV-6302 CJS, 2016 WL 3179901, at *4 (W.D.N.Y. June 8, 2016) ("[W]hile the Commissioner has cited a number of specific instances in which she believes that [the treating physician]'s opinion conflicts with his office notes and other medical records, and while she maintains that [the treating physician] is not a specialist in mental health, those are not reasons that the ALJ gave in his decision for affording little weight to [the treating physician]'s opinion. Accordingly, the Court may not rely on those *post hoc* arguments when considering whether the ALJ complied with the treating physician rule.").

Accordingly, for all the reasons stated, remand is required because the ALJ did not provide good reasons for rejecting the opinion of Anderson's treating physician. On remand, Anderson is entitled to express consideration of Dr. Dao's opinion, a statement of the weight given to that opinion, and good reasons for the ALJ's decision. *Cottrell v. Colvin*, No. 15-CV-702-FPG, 2016 WL 4523187, at *4 (W.D.N.Y. Aug. 30, 2016) (citing *Newbury v. Astrue*, 321 F. App'x 16, 18-19 (2d Cir. 2009) (summary order)).

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 8) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 9) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g).  *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000).  The Clerk of Court is directed to enter judgment and close this case.

    IT IS SO ORDERED.

Dated: March 21, 2017
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court